# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ERVIN GOODWIN, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>GARY RAILWAY COMPANY f/k/a )<br>E J & E RAILROAD, )<br>    Defendant. ) | CAUSE NO.: 2:09-CV-168-PRC |

## OPINION AND ORDER

This matter is before the Court on a Defendant's Motion for Summary Judgment [DE 20], filed by Defendant on January 31, 2011. For the following reasons, the Motion is GRANTED.

## PROCEDURAL BACKGROUND

On or about March 13, 2008, Plaintiff Ervin D. Goodwin filed a charge with the Indiana Civil Rights Commission ("ICRC") against EJ&E Railroad, the predecessor entity of Defendant Gary Railway Company. His allegations arose out of the promotion of Ben Ortegon to supervisor in December 2007. On or about March 17, 2008, the complaint was transmitted to the Equal Employment Opportunity Commission ("EEOC"). The ICRC investigated the charge and on March 9, 2009, issued a Notice of Finding. Goodwin withdrew his complaint with the ICRC. On September 28, 2009, the EEOC issued a Notice of Right to Sue.

On June 12, 2009, Plaintiff filed a Complaint in this Court against Defendant Gary Railway Company alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, for two instances of failure to promote him. Defendant filed its answer on August 26, 2009. Defendant filed the instant Motion for Summary Judgment on January 31, 2011. Plaintiff filed his response on March 31, 2011, and Defendant filed its reply on April 18, 2011.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar

materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110-111 (7th Cir. Ill. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. Ill. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e)(2); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. Ill.

2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

## FACTUAL BACKGROUND

Ervin Goodwin was an employee of the Elgin, Joliet and Eastern Railway until it was acquired by the Canadian National Railway Company, where he is currently employed. Defendant Gary Railway Company is the successor entity of EJ&E, Goodwin's previous employer.

Goodwin, an African-American, worked as a trackman from 1995 to 1998. He worked as a Roadway Machine Operator ("RMO") from 1998-1999, then worked as a Track Foreman from 1999-2005. In 2005, Goodwin moved back into a different RMO position. On October 25, 2007, a vacancy announcement was posted for a Maintenance Supervisor position, which was a true management position. It would involve supervising the Gary Mill and Kirk yard areas in the Eastern Subdivision. Goodwin was selected for an interview, as were two other candidates, Ben Ortegon and David Christian.

At the time of the interviews, Ortegon, who is half Hispanic and half Caucasian, had 9 years of service. He was working as a Track Foreman in the Gary Mill area, with past experience as a track laborer and RMO. David Christian, a Caucasian, was working as a heavy equipment operator/crane operator. He had 13 years of service, and had previously worked as a track labor and Super Truck Operator. At the time of the interviews, Goodwin had 13 years of experience in the positions of track laborer, welder, RMO, and Track Foreman. He was working as an RMO. He had credit for approximately seven college courses, most of which were paid for by his employer as part of their tuition reimbursement program. Ortegon was hired for the position.

4

On January 2, 2008, a Maintenance Supervisor position vacancy announcement was posted, involving supervising the Western Subdivision at Joliet. Goodwin was not re-interviewed since he had so recently submitted his resume and been interviewed for the previous Maintenance Supervisor position. Ramon Gallardo, who is Hispanic, was ultimately selected for the position in February 2008. At the time of his interview, he was working as a Track Foreman in the Western Subdivision area.

## ANALYSIS

**A.      Exhaustion of Administrative Remedies**

      1.        Charge of Discrimination Filed with ICRC/EEOC

Plaintiff filed a Complaint of Discrimination on March 13, 2008, stating that on December 11, 2007, he learned that Ortegon had been promoted to supervisor and alleged race discrimination. He did not file a charge with the ICRC/EEOC regarding Gallardo's appointment to a supervisory position, and Defendant argues that this failure to timely follow administrative prerequisites should preclude his ability to succeed on this claim under Title VII. Plaintiff argues that the single charge is sufficient because both incidents were part of continuing discrimination.

A "claimant must file [her] EEOC suit within the limitations period from the time of the alleged 'unlawful employment practice.'. . .In Indiana, a claimant must file an EEOC charge within 300 days after the allegedly unlawful practice occurred." *Greater Indianapolis Chapter of the NAACP v. Ballard*, 741 F. Supp. 2d 925, 935 (S.D. Ind. 2010) (citing 42 U.S.C. § 2000e-5(e); *Del. State Coll. v. Ricks*, 449 U.S. 250, 259 (1980); *Oliver-Pullins v. Assoc. Material Handling Indus., Inc.*, 2004 WL 2137624 at *8 (S.D. Ind. July 20, 2004)). "As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in [his] EEOC charge." *Cheek v. Western & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). The purpose of this requirement is to promote

the resolution of the dispute by settlement or conciliation and to ensure that the sued employers receive adequate notice of the charges against them. *Id.* Title VII plaintiffs can litigate claims not explicitly included in the EEOC charge only if the allegations fall within the scope of the plaintiff's allegations contained in the EEOC charge. *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996).

Defendant argues that Plaintiff's failure to file a claim with the EEOC/ICRC regarding the second instance of alleged discriminatory failure to promote Plaintiff creates a jurisdictional bar to these claims before the Court. Plaintiff argues that because the discrimination was a continuing violation, it was only necessary for him to file the single charge.

Under the "continuing violation" theory, a plaintiff's claim will not be jurisdictionally barred if he can "demonstrate that the acts of alleged discrimination are part of an ongoing pattern of discrimination and that at least one of the alleged discrete acts of discrimination occurred within the relevant limitations period." *Young v. Will County Dep't of Public Aid*, 882 F.2d 290, 292 (7th Cir. Ill. 1989). However, "the continuing violation concept is reserved for theories of liability that depend on the cumulative impact of numerous individual acts, none of which is necessarily actionable in itself." *Reese v. Ice Cream Specialties, Inc.*, 347 F.3d 1007, 1012 (7th Cir. Ind. 2003). In particular, "the continuing violation doctrine has no application to the plaintiffs' failure to promote claims" because "'failure to promote' [is] a discrete incident of discrimination to which the continuing violation doctrine does not apply." *Ballard*, 741 F. Supp. 2d at 936 (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002); *Reese*, 347 F.3d at 1012). Therefore, Defendant is entitled to summary judgment on Plaintiff's February 2008 failure to promote claim under Title VII of the Civil Rights Act.

### 2. Right to Sue Notice

In Defendant's reply brief, it argues for the first time that all Title VII claims should be dismissed because a right to sue letter from the EEOC is a jurisdictional prerequisite to a Title VII suit but Plaintiff instituted this action before receiving such a letter.

Generally, arguments raised for the first time in a reply brief are deemed waived. *Holman v. Indiana*, 211 F.3d 399, 405 n.5 (7th Cir. 2000); *see also Edwards v. Honeywell, Inc.*, 960 F.2d 673 (7th Cir. 1992) (finding that the district court could not rule on summary judgment on a ground raised in a reply brief because the plaintiff had an inadequate opportunity or no opportunity to respond); *McKay v. Town and Country Cadillac, Inc.*, 97 C 2102, 2002 WL 664024, *8 n. 5 (N.D. Ill. Apr. 23, 2002) (refusing to rule on an issue raised for the first time by the defendant in the reply brief when the issue was anticipated in the response brief by overly cautious plaintiff). The Seventh Circuit has held that when a party moves for summary judgment on ground A (e.g. failure to file charges with EEOC/ICRC regarding both alleged instances of discrimination), the nonmoving party is not required to respond as to ground B (e.g. failure to fulfill the jurisdictional requirement of obtaining a right-to-sue letter): "a ground the movant might have presented but did not." *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1310 (7th Cir. 1989). Plaintiff did not raise the right-to-sue letter in his response brief. *Wagner v. Magellan Health Servs., Inc.*, 121 F. Supp. 2d 673, 680 (N.D. Ill. 2000) (addressing issue raised for first time by defendant in reply brief because issue was fully briefed by plaintiff in response brief); *see also Kronstedt v. Equifax*, No. 01-C-0052-C, 2001 WL 34124783, at *19 (W.D. Wis. Jan. 25, 2001) (same). Additionally, jurisdictional issues regarding EEOC/ICRC charges are affirmative defenses, so Defendant bears the burden of proof at summary judgment. *See Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 475 (7th Cir. 2009). Therefore, the Court will deem Defendant's argument regarding the lack of right-to-sue notice as waived.

**B.     Discrimination under Title VII**

Title VII prohibits discrimination in employment based on race: "It shall be an unlawful employment practice for an employer . . . to discharge any individual because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To prove a case of discrimination under Title VII, a plaintiff must offer either direct or indirect evidence of discrimination. *Rozskowiak v. Vill. of Arlington Heights*, 415 F.3d 608, 612 (7th Cir. 2005). Regardless of the method, the burden is always on the plaintiff to demonstrate that genuine issues exist for trial. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 897 (7th Cir. 2003).

Direct evidence of race discrimination is evidence that would prove discriminatory conduct on the part of the employer without reliance on inference or presumption as perceived by the trier of fact. *Rozskowiak*, 415 F.3d at 612. Direct evidence can take two forms: (1) an outright admission by the decision maker that the challenged action was undertaken, or (2) circumstantial evidence of discriminatory reason by the employer. *Id.*; *Rogers v. City of Chicago*, 320 F.3d 748, 753 (7th Cir. 2003). In this case, Goodwin has not offered any direct evidence of race discrimination for his termination nor is there any direct evidence in the record to support the claim that his termination was based on race.

Indirect evidence of discrimination is analyzed under the familiar burden-shifting method of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *Pantoja v. Am. NTN Bearing Mfg. Corp.*, 495 F.3d 840, 845 (7th Cir. 2007); *Cambridge Indus.*, 325 F.3d at 896-97. Under the indirect method set forth in *McDonnell Douglas*, a plaintiff must first establish a prima facie case of race discrimination. *Cambridge Indus.*, 325 F.3d at 897. For an allegation of failure to promote, a plaintiff must show that "1) []he is a member of a protected group; 2) []he was qualified for the position sought; 3) []he was rejected for the position; and 4) the employee promoted was not a

8

member of the protected group and was not better qualified than the plaintiff." *Sublett v. John Wiley & Sons, Inc.*, 463 F.3d 731, 737 (7th Cir. 2006) (quoting *Johnson v. Nordstrom, Inc.*, 260 F.3d 727, 732 (7th Cir. 2001)).

If the plaintiff establishes a prima facie case of race discrimination, the burden of production shirts to the defendant to articulate a legitimate, nondiscriminatory reason for the employment decision. *Cambridge Indus.*, 325 F.3d at 897. However, the employer's burden of production is light and "[o]nce the employer has articulated a legitimate, nondiscriminatory reason for its decision, . . . [t]he plaintiff then has the burden . . . to show that reason to be pretextual." *Stockwell v. City of Harvey*, 597 F.3d 895, 901 (7th Cir. 2010) (citations omitted).

The parties agree that Goodwin is a member of a protected class, that he was qualified for the position he qualified for, and that he did not receive it. The parties also agree that Ortegon was Hispanic, and therefore not a member of the same protected group as Plaintiff. The point of dispute, therefore, is whether "the person promoted in [his] place was similarly situated at the time of the alleged discrimination" and not better qualified than Plaintiff. *Jordan v. City of Gary*, 396 F.3d 825, 834 (7th Cir. 2005) (citations omitted). Plaintiff describes several qualifications for the position, including education and particular types of experience, and maintains that there is a genuine dispute of fact regarding whether Plaintiff or Ortegon was better qualified for the position. Defendant argues that Plaintiff was not similarly situated to Ortegon at the time that the interviews for the Maintenance Supervisor position were conducted and therefore other qualifications are not relevant to the analysis.

At the time that the Plaintiff and Ortegon applied for the Maintenance Supervisor position, Plaintiff was employed as a Roadway Machine Operator in a non-leadership role. Ortegon had been employed as a Track Foreman, leader of a crew, since 2004. Although at one point Plaintiff had

9

been a Track Foreman, he decided to move from that union leadership position to a union non-leadership position of RMO. He had several opportunities to move back into a Track Foreman position before the Maintenance Supervisor job opening, but chose to stay in his position as RMO.

The Seventh Circuit "ha[s] held that persons who do not have the same or equivalent positions are not similarly situated with respect to a potential promotion." *Grayson v. City of Chicago*, 317 F.3d 745, 749 (7th Cir. 2003) (citing *Hoffman-Dombrowski v. Arlington Int'l Racecourse, Inc.*, 254 F.3d 644, 651 (7th Cir. 2001)). In this case, Ortegon and Plaintiff were not similarly situated with respect to the promotion to Maintenance Supervisor because they did not have the same job positions at the time of the job opening.

Even assuming that Plaintiff established a prima facie case regarding Defendant's failure to promote him, to succeed at the summary judgment stage Plaintiff must also demonstrate that Defendant's reasons for promoting Ortegon rather than Plaintiff were pretextual. "In order to demonstrate a material issue of fact as to pretext [Plaintiff] must show that '1) it is more likely that a discriminatory reason motivated the employer than the proffered non-discriminatory reason or 2) that an employer's explanation is not credible.'" *Sublett*, 463 F.3d at 737 (quoting *Hudson v. Chicago Transit Auth.*, 375 F.3d 552, 561 (7th Cir. 2004)) (other citations omitted). The focus of the credibility of explanation inquiry is whether the employer's stated reason was honest, not whether it was accurate or wise. *Lochard v. Provena St. Joseph Med. Ctr.*, 367 F. Supp. 2d 1214, 1224 (N.D. Ill. 2005).

Plaintiff has not offered any evidence that would demonstrate that Defendant's many proffered reasons for its choice to promote Ortegon, including his position at the time of the job opening, his knowledge of recent rule changes at the Gary Mill area, his rapport with the men already working in the area and the continuity his hiring would provide, and his leadership skills,

were pretextual or in any way not credible.

## CONCLUSION

Accordingly, based on the foregoing reasons, the Court hereby **GRANTS** the Defendant's Motion for Summary Judgment [DE 20]. Summary judgment is hereby **ORDERED** in favor of Defendant Gary Railway Company f/k/a EJ&E Railroad. Plaintiff shall take nothing by his Complaint in this case against the Defendant.

SO ORDERED this 9th day of June, 2011.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc:   All counsel of record